# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEAN M. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-450-JHP-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Dean M. Williams (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 8, 1961 and was 51 years old at the time of the ALJ's decision. Claimant completed his education through the ninth grade. Claimant has worked in the past as a machine operator and small engine mechanic. Claimant alleges an

3

inability to work beginning February 15, 2008 due to limitations resulting from rheumatoid arthritis.

## Procedural History

On June 10, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Michael Kirkpatrick ("ALJ") issued an unfavorable decision on July 12, 2010. The Appeals Council denied review on December 16, 2011. Claimant appealed the decision and it was reversed and remanded on September 12, 2012.

While the appeal was pending, Claimant filed applications for disability benefits and supplemental security income on January 11, 2012 and May 7, 2012. On August 10, 2012, Defendant determined Claimant was entitled to benefits on these applications beginning July 20, 2010.

The Appeals Council ordered the remand of the prior applications and also ordered the reopening of the subsequent favorable decisions on the later applications for consideration of the issue of whether Claimant had been engaging in substantial

gainful activity during the relevant time period. The appeal of the prior applications and the reconsideration of the later applications were consolidated. After a supplemental hearing, ALJ James Bentley issued an unfavorable decision on August 1, 2013. The decision covered the entire relevant time period, including the favorable decision on the later applications. Claimant did not seek review of the Appeals Council. The ALJ ordered that Claimant would remain on disability through December 31, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform less than a full range of light work.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) rejecting the opinion of the consultative examining physician regarding manipulative limitations; and (2) failing to apply the correct legal standard regarding medical improvement prior to terminating Claimant's eligibility for benefits on his subsequent applications.

5

**Evaluation of Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of rheumatoid arthritis, cervical and lumbar degenerative disc disease, and idiopathic peripheral autonomic neuropathy. (Tr. 357). He concluded that Claimant retained the RFC to perform light work except that he could only occasionally climb ropes, ladders, and scaffolds. He could occasionally crawl. Claimant could only occasionally handle, finger, and grasp bilaterally. He required a sit/stand option defined as a temporary change in position from sitting to standing and vice versa, with no more than one change in position every half hour and without leaving the work station. (Tr. 359). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of arcade attendant and parking lot attendant, both of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 370). Based upon these findings, the ALJ concluded Claimant was not disabled from February 15, 2008 through the date of the decision. Id.

Claimant contends the ALJ failed to properly evaluate the opinion of Dr. Traci L. Carney, a consultative examining physician. Dr. Carney examined Claimant on March 17, 2012. Dr. Carney found Claimant could not manipulate small objects and could not

6

effectively grasp tools such as a hammer. In so finding, Dr. Carney commented that Claimant's grip strength was 2/5+ bilaterally. (Tr. 708).

The ALJ discussed Dr. Carney's findings in his decision, including the manipulative limitations. (Tr. 362). However, the ALJ did not include these restrictions in his RFC assessment or in his discussion of the listings at step three. (Tr. 359). The inclusion of the restriction to occasional handling, fingering, and grasping bilaterally did not address Dr. Carney's opinion that Claimant was unable to finger or handle. The ALJ is required to consider every medical opinion in reaching his assessment and must provide specific, legitimate reasons for rejecting an opinion. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). The ALJ effectively rejected Dr. Carney's manipulative restrictions without providing a basis for doing so. On remand, the ALJ shall reassess both whether Claimant met a listing at step three considering Dr. Carney's manipulative limitations and whether those limitations should be included in the ALJ's RFC assessment. If the ALJ rejects Dr. Carney's opinion in this regard, he shall provide specific, legitimate reasons for rejecting the opinion.

**Application of Standard for Medical Improvement**

Claimant asserts that the ALJ improperly terminated benefits

7

that had previously been awarded.  Under the regulations, once a person has been awarded benefits, Defendant "must determine if there had been any medical improvement in your impairment(s) and, if so, whether this medical improvement is related to your ability to work" before the benefits may be terminated.  20 C.F.R. §§ 404.1594(a), 416.994(a).  The ALJ is required to proceed through a specific analysis in order to evaluate for medical improvement. Shepherd v. Apfel, 184 F.3d 1196, 1201 (10th Cir. 1999).  In this case, the ALJ failed to proceed through the necessary analysis and make the required findings before terminating Claimant's already awarded benefits.  On remand, the ALJ shall apply the standards as set forth in the Shepherd case before attempting to terminate Claimant's benefits.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with

the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE